UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BALWINDER SINGH KAHLON,

    Petitioner,

    v.                                                   CIV. NO. 03-254 LH/ACT

**LANE BLAIR, et al.**,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**

**AND RECOMMENDED DISPOSITION**

    **THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed by Balwinder Singh Kahlon (Kahlon) on February 25, 2003. Petitioner is currently incarcerated and proceeding *pro se*. Petitioner seeks review of the final deportation order by the Board of Immigration Appeals ("BIA") and a stay of deportation. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds the Petition should be denied.

**PROPOSED FINDINGS**

Factual and Procedural Background.

    1.     The Court notes that the facts in Kahlon's Petition and attachments are few but sufficient to make a proposed recommendation. Kahlon is a native and citizen of India. In November of 1996, Kahlon pled guilty to possession with intent to sell 217 grams of a brown substance containing a detectable amount of heroin. He was sentenced to 60 months. On March 27, 2002, a final order concerning Kahlon's deportation proceedings was entered.

2. When Kahlon filed his Writ of Habeas Corpus he was in custody in the District of New Mexico. On or about March 24, 2003, Kahlon was transferred to the El Paso Processing Center in El Paso, Texas. Thus, he is in custody in the Western District of Texas.

3. Kahlon challenges the order of deportation. He argues that the BIA erred in finding he was not eligible for discretionary relief under §§212(c), 212(h) and 245 of the Immigration and Nationality Act ("INA"). Prior to its repeal, §212(c), codified as 8 U.S.C. 1182(c), stated that

> "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General...";

Section 212(h), codified as 8 U.S.C. 1182(h)(1)(B), states that

> ...in the case of an immigrant who is the spouse, parent, son or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son or daughter of such alien; and

Section 245, codified as 8 U.S.C. 1255(a), states that

> "The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification under ...[sections] of this title...may be adjudged by the Attorney General, in his discretion..."

Jurisdiction and Venue.

4. Respondents assert that this court does not have jurisdiction of this matter because Kahlon is in custody in the Western District of Texas. When Kahlon filed his petition he was in custody in New Mexico. The INS took custody of him after the suit was filed. Although the law in this area is not entirely settled, under these circumstances, I am persuaded that this Court has

jurisdiction.  Section 2241 petitions must be brought in the district where the prisoner is confined. *Haugh v. Booker,* 210 F.3d 1147, (10th Cir. 2000), *E.g., Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  The posture of an unpublished Tenth Circuit opinion stands for the proposition that the place of confinement at the time of filing controls. *Claypool v. McKinna*, 3 Fed.Appx. 750, n.1 (10th Cir. 2001)(notes prisoner was transferred to a prison in Washington state after the §2241 petition was filed and decides case on merits).   In a later unpublished Tenth Circuit opinion, the Court states that "[o]f course, parole or subsequent removal of a petitioner from the district with jurisdiction at the time a habeas petition is filed does not divest the court of its jurisdiction." *United States of America v. Foster*, 4 Fed. Appx. 605 n. 3 (10th Cir. 2001).  In INS removal cases, where prisoners are frequently moved from place to place pending deportation, some courts have recently questioned who is the custodian for habeas purposes.  The trend appears to hold that the Attorney General has custody and, consequently, any district in the United States in which the petition is filed has jurisdiction. *See Chavez-Rivas v. Olsen*, 194 F. Supp.2d 368 (D.N.J. 2002(collecting cases); *Farah v. Immigration and Naturalization Service*, 2002 WL 31828309 (D. Minn 1/29/2003).

<u>Kahlon is Not Eligible for Discretionary Review of Under §§212(c), 212(h) or 245.</u>

5. Kahlon is a removable alien as defined by the federal immigration statues.  Under §237(a)(2)(A)(ii) of the INA, the Attorney General may order the removal of an alien which has been convicted under state or federal law of an aggravated felony as defined in 8 U.S.C. §1101(43)(A). Illicit trafficking in a controlled substance is an aggravated felony. *Id*.  The issue is whether Kahlon has an appeal of this decision pursuant to Sections 212(c), 212(h) or 245 of the INA.

6. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRIRA") Pub.L.No. 104-208, 110 Sat. 3009, 3009-626 "altered the availability, scope, and nature

of judicial review in INS cases." *Rivera-Jimez v. INS*, 214 F.3d 1213, 1215 n.1 (10th Cir. 2000). Section 309(c)(4)(E) of IIRIRA provides, *inter alia*, that "there shall be no appeal of any discretionary decision under sections 212(c), 212(h), 212(i), 244 or 245 of the Immigration and National Act as in effect as of the date of the enactment of this act." IIRIRA was enacted on September 30, 1996, to become effective on April 1, 1997. IIRIRA adopted transitional rules which apply in the case of an alien who is in deportation proceedings before IIRIRA's effective date, April 1, 1997, but the final order of deportation is entered more than thirty days after IIRIRA's date of enactment, September 30, 1996. *See* IIRIRA §309(c)(4). The transitional rules state in relevant part, that, "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in 'the enumerated sections.'" IIRIRA § 309(c)(4)(g). Because Kahlon's deportation proceedings commenced June 22, 1995, which is before April 1, 1997, and the final order of deportation was entered on March 27, 2002, which is after October 30, 1996, the transitional rules apply to Kahlon, and preclude him from filing a petition for review. *Escalera v. Immigration and Naturalization Service,* 222 F.3d 753 (10th Cir. 2000); *Berehe v. Immigration & Naturalization Service*, 114F.3d 159 (10th Cir. 1997).

7.     Kahlon asserts an equal protection claim. He states that "212(c) waiver should be available to aliens in deportation proceedings as well as to excludable aliens." Petition, p. 4. As Kahlon cannot appeal this discretionary decision under the transitional rules, he cannot prevail on this argument. Moreover, an alien has no constitutionally protected right to discretionary relief, or to be eligible for discretionary relief. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1250 (10th Cir. 2001).

8.     Finally, Kahlon requests a stay of deportation. The decision of whether to grant a motion for stay to an alien such as Kahlon is governed by 8 U.S.C. §1252(f)(2), which provides:

4

"Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."

Petitioner has offered no factual basis or legal authorities in support of his request for a stay. Kahlon has failed to make the showing required by §1252(f)(2). Thus, his request for a stay should be denied.

## RECOMMENDED DISPOSITION

I recommend that the Petition for Writ of Habeas Corpus filed February 25, 2003 be **DISMISSED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**